﻿Citation Nr: 19172626
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 19-22 774
DATE: September 18, 2019

ORDER

Entitlement to service connection for a bilateral hearing loss disability is denied.

FINDING OF FACT

A hearing loss disability was not manifested in service; hearing loss was not manifested within one year following the Veteran's separation from service; and his current hearing loss is not shown to be related to his service, to include noise exposure therein.

CONCLUSION OF LAW

The criteria for service connection for a bilateral hearing loss disability have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from January 1968 to October 1970. This matter comes to the Board on appeal from a January 2019 rating decision issued by a Department of Veterans Affairs Regional Office. 

Entitlement to service connection for a bilateral hearing loss disability

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § §§ 1110, 1131 (2012); 38 C.F.R. § § 3.303 (2018). Establishing service connection generally requires evidence of: (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship (nexus) between the claimed in-service disease or injury and the present disability. See, e.g., Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

In addition, for Veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from service. 38 U.S.C. § 1101, 1112, 1113, 1131, 1137; 38 C.F.R. § 3.307, 3.309.

That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

As to the first Shedden element, a current disability, there is no dispute that the Veteran has a current diagnosis of bilateral hearing loss. This is evidenced by audiometric findings during a January 2019 VA examination.

With regard to the second Shedden element, an in-service incurrence, the Veteran’s DD214 and personnel records indicate that his military occupational specialty (MOS) during active service was a Petroleum Supply Specialist and Radio Repairman. Additionally, the Veteran has reported exposure to noise from artillery during training and in relation to service in the Republic of Vietnam. Thus, the Veteran’s exposure to hazardous noise is acknowledged. 

The medical evidence of record addressing a nexus between the Veteran’s current hearing loss and his in-service noise exposure is a January 2019 VA examination and his lay statements regarding nexus. 

The January 2019 VA examiner noted that during service, the Veteran was exposed to hazardous noise from rifle fire, equipment, and a forklift crane. The Veteran was also noted to have limited noise exposure post-service from hunting, heavy equipment, and power tools, without the use of hearing protection. The examiner noted that the Veteran’s hearing was normal at entrance in August 1967, even after converting the audiometric findings to ANSI standards. It was noted that the Veteran underwent a whisper test at separation; which the examiner indicated was not a good indicator of hearing status. The examiner ultimately opined that the Veteran’s bilateral hearing loss was less likely than not related to active service. As rationale, the examiner stated that the Veteran’s service treatment records, to include his separation examination, were silent as to hearing loss. The examiner added that the Veteran reported the onset of his hearing decrease as 2001; 41 years post-separation and after exposure to recreational and occupational noise. The examiner further indicated that although noise exposure is conceded and the relationship between noise, auditory damage, and hearing loss is well documented, auditory damage and hearing loss are not conceded based on noise alone. Finally, the examiner stated that there was no evidence to support a nexus between the Veteran’s current hearing loss and noise exposure in the military, as opposed to another etiology.

The Board finds that the January 2019 VA examiner’s opinion is highly probative, as it is based on an accurate medical history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

While the Board has considered the Veteran’s contention that his hearing loss is related to service, he is not competent to provide a nexus opinion in this case. The issue is medically complex, as it requires specialized medical education. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence.

Additionally, as hearing loss was not shown to have been manifested in the first post-service year, the chronic disease presumptive provisions of 38 U.S.C. § 1112, 38 C.F.R. §§ 3.307, 3.309 do not apply.

The Board has also considered whether service connection for hearing loss based on continuity of symptomatology is warranted, but finds that continuity of symptomatology is not demonstrated by evidence in the record. There is no evidence that the Veteran complained of hearing loss at separation from service. Additionally, the Veteran does not contend, and neither does the record show that the Veteran complained of or sought treatment for hearing loss until 2001; 41 years after separation from service. Therefore, the Board finds that service connection for bilateral hearing loss on the basis of continuity of symptomatology is not warranted.

In short, while the evidence reflects that the Veteran was exposed to military acoustic trauma, he did not have a hearing loss disability in-service; hearing loss was not manifested to a compensable degree within a year following his discharge from service; there has been no showing of continued hearing loss symptomatology since service; and the most competent and probative evidence of record, namely, the VA opinion, is against a finding that his current bilateral hearing loss is/or may be related to his service, to include as due to exposure to noise therein. Accordingly, service connection for a bilateral hearing loss disability must be denied.

 

 

Martina D. Mills

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Marsh II, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § § 20.1303.